## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**SOUTHPARK DEVELOPMENT, LLC; SEWELL DEAN HAMMONS, Co-Trustee of the SEWELL DEAN HAMMONS and KAREN SUE RHINE HAMMONS REVOCABLE TRUST; and KAREN SUE RHINE HAMMONS, Co-Trustee of the SEWELL DEAN HAMMONS and KAREN SUE RHINE HAMMONS REVOCABLE TRUST**                                    **PLAINTIFFS**

**V.**                    **CASE NO. 2:25-CV-2029**

**DAVID RIEDER, Mayor of the City of Clarksville; CITY OF CLARKSVILLE; and TYSON FOODS, INC.**                    **DEFENDANTS**

### ORDER

Now before the Court is Separate Defendants City of Clarksville and Mayor David Rieder's Motion to Dismiss (Doc. 9). Plaintiffs filed a Response in Opposition (Doc. 12), and the time to seek leave to file a Reply has lapsed. On June 30, 2025, the Court held a hearing on the Motion (Doc. 18). For the reasons stated from the bench and herein, the Motion is **DENIED**.[1]

Plaintiffs sued Clarksville and its Mayor, David Rieder, (collectively, the "City") for an unconstitutional taking and a violation of due process based on their allegations that the City authorized Separate Defendant Tyson Foods, Inc. to bore a sewer line under their properties, infringing their property rights, without providing just compensation or due process. The City argues in its Motion that the sewer line is in an existing easement dating back to 1984, so Plaintiffs' claims are barred by laches and the statute of limitations; that

---

[1] To the extent this written Order contradicts any of the Court's statements from the bench, this Order controls.

1

the City and Mayor Rieder are entitled to statutory immunity under Arkansas law; and, if nothing else, that the City has an easement by prescription for the sewer line.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (citation modified). "A defendant does not render a complaint defective by pleading an affirmative defense . . . ." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). However, "[a] court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015). Here, the City merely asserts several affirmative defenses, none of which are evident from the Complaint itself.

With respect to laches, the statute of limitations, and the City's purported prescriptive easement, the City's argument relies on its contention that the sewer line was built in an existing easement, a factual proposition which Plaintiffs deny. With respect to the City's immunity argument, the City relies on the statutory immunity afforded to the State of Arkansas. But "[c]ities in Arkansas do not share in the State's sovereign immunity, and they are capable of suing and being sued." *Ark. Tech Univ. v. Link*, 341 Ark. 495, 507 (2000). Moreover, Plaintiffs allege federal constitutional violations under 42 U.S.C. § 1983, and "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law." *Martinez v. California*, 444 U.S. 277, 284 (1980) (quoting *Hampton v. City of Chicago*, 484 F.2d 602, 607 (7th Cir. 1973)). Because the City has not demonstrated that the facts alleged in Plaintiffs' complaint—

accepted as true—fail to state a plausible claim for relief, the Motion to Dismiss (Doc. 9) is **DENIED**. Rieder and Clarksville must file their Answer to the Complaint within 14 days.  **IT IS SO ORDERED** on this 30th day of June, 2025.

                                              _____
                                              TIMOTHY L. BROOKS
                                              UNITED STATES DISTRICT JUDGE